UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISION, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. 2:11-cv-00402 |
| v. | ) ) **COMPLAINT** ) (Jury Trial Demand) |
| HCS MEDICAL STAFFING, INC. | ) ) |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Roxy M. Leger ("Leger"), who was adversely affected by such practices. HCS Medical Staffing, Inc. discharged Leger from her position as accountant/bookkeeper because of her pregnancy.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Eastern District of Wisconsin.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the defendant, HCS Medical Staffing ("HCS" or "Employer"), has been a medical staffing firm, doing business in the State of Wisconsin and the City of Milwaukee.

5. At all relevant times, HCS has been an employment agency engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Roxy M Leger ("Leger") filed a charge with the Commission alleging violations of Title VII by HCS. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2008, HCS has engaged in unlawful employment practices at its office in Milwaukee, Wisconsin, in violation of Section 701(k) and 703(a) of Title VII, 42 U.S.C. § 2000e(k) and § 2000e-2(a). Such practices include, but are not limited to: terminating Leger because of her sex (pregnancy).

8. The effect of the practices complained of in paragraph 7 above has been to deprive Leger of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (pregnancy).

9. The unlawful employment practices complained of in paragraph 7 were and are intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Leger.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant HCS, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based upon sex.

B.     Order Defendant HCS to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant HCS to make whole Roxy M. Leger, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, or if not possible, frontpay.

D.     Order Defendant HCS to make whole Roxy M. Leger, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

E.     Order Defendant HCS to make whole Roxy M. Leger by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant HCS to pay Roxy M. Leger punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.     Grant such relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.


                        P. David Lopez
                        General Counsel

                        Gwendolyn Young Reams
                        Associate General Counsel

                        EQUAL EMPLOYMENT OPPORTUNITY
                            COMMISSION
                        1801 L Street, N.W.
                        Washington, D.C. 20507

Dated: April 27, 2011        s/ John C. Hendrickson
                        John C. Hendrickson
                        Regional Attorney

Dated: April 27, 2011        s/ Jean P. Kamp
                        Jean P. Kamp
                        Associate Regional Attorney

                        s/ Camille A. Monahan
                        Camille A. Monahan
                        Trial Attorney

                        EQUAL EMPLOYMENT OPPORTUNITY
                           COMMISSION
                        Milwaukee Area Office
                        310 West Wisconsin - Suite 800
                        Milwaukee, WI 53202
                        *Telephone*: (414) 297-3548
                        *Fax:* (414) 297-3146

                        *E-mail*: john.hendrickson@eeoc.gov
                        *E-mail*: jean.kamp@eeoc.gov
                        *E-mail*: camille.monahan@eeoc.gov