UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>HCS MEDICAL STAFFING, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 11-CV-402-JPS<br><br><br>ORDER |

　　　　On April 27, 2011, the plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed a complaint against defendant, HCS Medical Staffing, Inc. ("HCS"), seeking injunctive and monetary relief to remedy unlawful employment practices on the basis of sex (pregnancy) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (Docket #1). In response to the summons and complaint, on July 8, 2011, Charles Sisson ("Sisson"), the owner and president of HCS, hand-delivered a letter to the EEOC Milwaukee Field Office. (Docket #10, Ex. 3). Neither this letter nor any other document was filed with the court in response to the plaintiff's complaint before the deadline to answer expired. On July 25, 2011, the Clerk of Court entered default against HCS for its failure to plead or otherwise defend. On August 30, 2011, the court granted the EEOC leave to file for default judgment. (Docket #13). On August 31, 2011, the EEOC moved for default judgment and submitted proof of damages to the court. (Docket #14). On September 16, 2011, the defendant untimely filed a motion to dismiss, asserting insufficient service of process and failure to state a claim. (Docket #18). However, the motion to dismiss was signed not by a licensed

attorney, but rather by Sisson, HCS's owner and president. Accordingly, the court notified Sisson that a corporation must appear by licensed counsel in federal court, struck the motion to dismiss from the record, and afforded the defendant twenty days to retain counsel and to file a motion to vacate entry of default. (Docket #23). The defendant retained counsel, and on October 21, 2011, HCS filed a motion to vacate entry of default. With the benefit of the parties' written submissions, the court is now prepared to rule on the motion.

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause. A party seeking to vacate an entry of default prior to the entry of final judgment must show: "'(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). The Seventh Circuit has a well-established policy favoring a decision on the merits over a default judgment, and has established lenient standards for the application of Rule 55(c). *Id.* at 631.

Here, the court finds that the defendant has satisfied each of the three criteria to vacate the entry of default. First, it is significant to note that in the Seventh Circuit "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). Thus, whether or not Sisson honestly believed that he could represent his corporation in federal court or that, based on his reading of the summons, he could satisfy the requirement to answer the complaint by delivering a letter to the EEOC's offices, makes little difference. The opportunity for the court to consider the substance of this appeal – an

employment discrimination case – provides this court with good cause to vacate the entry of default. Moreover, based upon the court's review of the record, though Sisson may have at first disregarded information provided to him from the EEOC, which could have helped HCS avoid default, Sisson ultimately complied with the court's order notifying him that HCS must appear by licensed counsel within the deadline set by the court. Accordingly, the court cannot say that HCS – via Sisson – acted willfully when it failed to file an answer to the plaintiff's complaint and when it failed to retain licensed counsel at the outset of the case.

Next, the defendant also acted in a timely fashion to have the default order set aside. It filed its motion to vacate within the time frame set by court in its September 26, 2011 order granting the defendant leave to file such motion and to appear by licensed counsel. Lastly, the court finds that the defendant has made a sufficient showing of a meritorious defense. This is an employment discrimination case. And, the defendant's main defense is that the defendant terminated Roxy M. Leger's employment for legitimate, non-discriminatory reasons. (Proposed Answer at 2) (Docket #28). Furthermore, Sisson's July 8, 2011 letter to the EEOC lays out the factual basis for the defendant's actions with respect to Roxy Leger's employment. Given the lenient standard the Seventh Circuit has established for the application of Rule 55(c), the court finds that the defendant's proposed answer, when read in conjunction with its motion to vacate and Sisson's letter, cannot be characterized as "so conclusory as to be fatal." *See Cracco*, 559 F.3d at 631. Accordingly, because the defendant has met the three criteria necessary to vacate the entry of default, the court will grant the defendant's motion in this respect.

Accordingly,

IT IS ORDERED that defendant's motion to vacate entry of default (Docket #26) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (Docket #14) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that plaintiff's motion to strike (Docket #19) be and the same is hereby DENIED as moot.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge